1   LAW OFFICE OF THOMAS K. BOURKE
2   Thomas K. Bourke (SBN 56333)
    Talltom2@aol.com
3   601 West Fifth Street, Eighth Floor
    Los Angeles, CA 90071-2094
4   Telephone: (213) 623-1092
5   Facsimile: (213) 623-5325

6   Attorneys for Plaintiffs
    Gomez, *et al*.
7

8                   **UNITED STATES BANKRUPTCY COURT**
9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                  **SAN FERNANDO VALLEY DIVISION**
11

12

| | |
|---|---|
| In re: | Case No.: 1:12-bk-16523-VK |
| DANTE GUMIRAN, | Chapter 7 |
| Debtor. | Adv. No.: 1:12-ap-01375-VK |
| | AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL OF ADVERSARY COMPLAINT UPON SETTLEMENT; DECLARATION OF THOMAS K. BOURKE |
| MARIA DE LOS ANGELES AURORA GOMEZ, *et al*., | |
| Plaintiffs, | No Hearing Required |
| vs. | |
| DANTE GUMIRAN, | |
| Defendant. | |

Plaintiffs move for an order approving their voluntary dismissal of this adversary proceeding under FRBP 7041, FRCP 41 and LBR 9013-1(o) for the following reasons:

Plaintiffs have entered into a Settlement Agreement with the Defendant, Dante Gumiran (Debtor), Lucie Gumiran (Defendant in the parallel Central District of California RICO action, case number CV12-8704-GHK-(SHx))

and Caroline Diaz (a non-party named in CV12-8704-GHK-(SHx) as a possible defendant), which settles all outstanding claims and lawsuits that Plaintiffs have or may have against Dante Gumiran, Lucie Gumiran, and Caroline Diaz. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

The Settlement Agreement requires, in part, a nominal settlement payment to be made by the Gumirans to the Plaintiffs.

The litigation in both this Adversary Proceeding and the United States District Court has been extensive and costly for all parties and in is in everyone's best interest to resolve the lawsuits as set forth in the Settlement Agreement.

The Adversary Complaint included claims for the nondischargeability of debts as well as an objection to discharge. As set forth below, the parties believe that is also in the best interest of everyone, including the creditors of the bankrupt, and Dante Gumiran, to dismiss the Adversary Proceeding in its entirety, including the Counterclaim filed by Defendant, Dante Gumiran.

WHEREFORE, the Plaintiffs respectfully request that this Court issue an Order approving the voluntary dismissal of the Adversary Proceeding and related Counterclaim with prejudice.

Dated: September 24, 2013            LAW OFFICE OF THOMAS K. BOURKE

By: /s/ Thomas K. Bourke
Thomas K. Bourke,
Attorney for Plaintiffs

2

AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL, etc.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.    Dante Gumiran filed his Chapter 7 bankruptcy case on July 19, 2012.  On August 20, 2012, the Trustee filed his report of No Distribution. On October 19, 2012, Plaintiffs filed this Adversary Proceeding.

2.    Defendant Gumiran moved to dismiss the adversary complaint, which was granted with leave to amend. The Plaintiffs filed an amended complaint, which Defendant again moved to dismiss. Plaintiffs filed proofs of claims in the bankruptcy to which Debtor objected. The Court has indicated a likelihood of granting the Motion to Dismiss, and has expressed some skepticism as to the validity of the claims and Plaintiffs' standing.

3.    Pending any final rulings on the motion to dismiss and objection to claims, the parties entered into the Settlement Agreement to resolve all outstanding issues, including the claims in the United States District Court against Lucia Gumiran (CV12-8704-GHK-(SHx)).

4.    The Settlement Agreement, which is subject to Bankruptcy Court approval upon notice to all creditors, resolves the very complicated, ugly and expensive pending Adversary Complaint. It makes sense to this Court to approve this settlement, especially as this Court had expressed skepticism about the Plaintiffs having standing to be creditors and had not ruled on the motion to dismiss the First Amended Complaint. With this Agreement, the Debtor and his wife and a third party represented by Mr. Umbreit, Carolyn Diaz, have settled with Plaintiffs, who were asserting multi-million dollar claims. The funds will not come from Debtor's estate, because there is no estate. The settlement funds will come from post-petition income of the Debtor and his wife.

AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL, etc.

5.    As the Rutter Group Practice Guide on Bankruptcy, states:

"Complaints objecting to a debtor's discharge in a Chapter 7 case
under 11 USC § 727 cannot be dismissed by plaintiff without notice
to the Chapter 7 trustee, the Office of the U.S. Trustee and 'such
other persons as the court may direct,' and then 'only on order of the
court containing such terms and conditions which the court deems
proper.' [See FRBP 7041] Most bankruptcy judges require a
plaintiff seeking to dismiss a § 727 action to give notice to any
trustee appointed in the case, the U.S. Trustee and all creditors,
informing the noticed parties they have a right to substitute in as
plaintiff in the action instead of having the action dismissed."

Kathleen P. March, Judge Alan M. Ahart, and Janet A. Shapiro, *Cal. Prac.
Guide Bankruptcy* (Rutter Group 2013 on-line ed.) at ¶ 20:264.

6.    The bankruptcy court has great latitude in approving compromise
agreements. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *see also Martin v.
Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir.), *cert. denied sub
nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986).

7.    Approval of a proposed compromise turns on whether the compromise is
in the best interests of the estate. *Woodson, supra*, 839 F.2d 610, 620. The court may
approve a compromise only if it is "fair and equitable." *A&C Properties*, at 1381.

8.    Moreover, in passing on the proposed compromise, the court must
consider:

"(a) The probability of success in the litigation; (b) the difficulties, if
any, to be encountered in the matter of collection; (c) the complexity
of the litigation involved, and the expense, inconvenience and delay

4
AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL, etc.

necessarily attending it; (d) the paramount interest of the creditors
and a proper deference to their reasonable views in the premises."
*A&C Properties*, 784 F.2d at 1381 (citation omitted).

9.      Compromise is favored over continued litigation. *A&C Properties*, *supra*,
at 1381. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976), focused on the benefits of
settlement in a liquidation context:

"When considering whether to approve a compromise in liquidation
bankruptcy proceedings, the trustee and bankruptcy judge should weigh
the probable costs and benefits.  They should consider factors such as the
complexity and hazards of litigation, the expense (attorney's fees and the
costs of court and discovery), the time required, and whether disapproval
of the compromise would likely result in the wasting of assets.

"Considering the lengthy delay occasioned by this appeal and the
additional attorneys' fees and appellate costs, this appeal may be an
example of asset wasting.  The bankruptcy judge and the district court
may, in a case such as this, give weight to the opinions of the trustee, the
parties, and their attorneys.  The judge and court may consider the
principals' belief that the factors outlined above (and others) have been
explored and considered and that the compromise is fair, reasonable, and
the wisest course.  Consideration should also be given to the principle that
the law favors compromise and not litigation for its own sake."

. . . .

"A liquidation bankruptcy is a terminal affair.  The bankrupt's financial
affairs are beyond repair.  Liquidation is to be accomplished as rapidly as

5

AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL, etc.

possible consistent with obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation."

10.   Motions to compromise are addressed to the sound discretion of the bankruptcy judge based on the particular circumstances of the case. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); see *In re A&C Properties, supra*, 784 F.2d 1377, 1380 (order approving or denying compromise reversible only for abuse of discretion).

11.   A settlement must be in the best interests of the estate to be approved by the court. *In re A&C Properties, supra*, 784 F.2d at 1382. The movant has the burden of proving (by a preponderance of the evidence) that the motion to compromise is in the estate's best interest. *In re A&C Properties, supra*, 784 F.2d at 1381. To determine that a settlement is in the best interest of the estate, the court must find the proposed compromise to be:

- negotiated in good faith;

- reasonably believed to be the best compromise negotiable under the facts; and

- fair and equitable (which includes being reasonable and adequate) considering the:

- probability of success in the litigation;

- difficulties (if any) to be encountered in collecting on the judgment;

- complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

6

• paramount interest of the creditors and a proper deference to their reasonable views.

*In re A&C Properties, supra*, 784 F.2d at 1381; *In re Woodson, supra*, 839 F.2d 610, 620.

12.   The court is not required to decide disputed questions of fact and law raised by the litigation, but to canvass the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." See In re *Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985).

13.   With respect to the probability of success and difficulties of the litigation, this Court has already noted with skepticism the standing problems and statute-of-limitation problems and high fraud hurdles of Plaintiffs in bankruptcy court.  If successful, however, their multimillion-dollar claims would wipe out all other creditors through extreme dilution.  They are convinced that any such victory would be Pyrrhic victory, with no net gain after the costs of litigation.

14.   The settlement was negotiated in good faith in a way that would not deplete the assets of the estate.  The proceeds of the modest $10,000 will not come from the estate.  And the Settlement stops the Estate from incurring any attorneys' fees or further burdening this Court with a very complex conspiracy-to-violate RICO Ponzi-loan scheme masterminded by Kaveh Vahedi, who has pled guilty and is awaiting sentencing.  Because of its complexity, this litigation could occupy this court's calendar for years on end, depleting the resources of the parties and the taxpayers while receiving meaningful relief becomes increasingly elusive.  In a bankruptcy context, such litigation costs can be particularly burdensome on the bankruptcy estate given the financial instability of the estate. *See In re Grau*, 267 B.R.

896 (Bankr. S.D. Fla. 2001). Here the settlement of the adversary complaint globally resolves the litigation as to Debtor, his wife, and a third party.

15. The paramount interest of the creditors that a bankruptcy court considers in deciding whether to approve a proposed compromise, should also consider only the desire of creditors to obtain the maximum possible recovery, but also their recovery should occur in the least amount of time possible. *See In re Marples*, 266 B.R. 202 (Bankr. D. Idaho 2001). The Settlement resolves the Plaintiffs' claims against the Estate and the Debtor, and this alone has value in light of the protracted litigation that Kaveh Vahedi's Ponzi-loan scheme has already engendered in state and federal court.

## CONCLUSION

16. The Plaintiffs respectfully request that his Court issue an Order approving the voluntary dismissal of the Adversary Proceeding with prejudice.

Dated: September 24, 2013          LAW OFFICE OF THOMAS K. BOURKE

By: /s/ Thomas K. Bourke
Thomas K. Bourke,
Attorney for Plaintiffs

8
AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL, etc.

## DECLARATION OF THOMAS K. BOURKE

I, Thomas K. Bourke, declare as follows:

1.    I am counsel for Plaintiffs in this Adversary Proceeding.

2.    The statements in this brief about the good-faith nature of the settlement negotiations, the extreme complexity of this case, and the high hurdles that Plaintiffs face in not only standing, but also statute of limitation and the high hurdle of fraud in a bankruptcy case are true.

3.    It would be in the best interest of everyone to settle this case now.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Los Angeles, California, on September 24, 2013.

Thomas K Bourke

9

AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL, etc.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into as of
August __22__, 2013 (the "Settlement Date"), by and between MARIA DE LOS ANGELES
AURORA GOMEZ, JUAN ELIAS GOMEZ; VACHIK Y. ALVANDI; DOUGLAS ALAN
MARKS; SHARON MAUREEN MARKS; EVELIN YANETH RAFT; ROBERTA
BARTECK; RONALD BARTECK; FRED SHOKOUFI; LEESHA TAN KELLER;
TADEH KESHMESHIAN; IDET KESHMESHIAN; CELARIS ZADORIAN, HERAYR
ZAHRABI; SHARON REUVENI, aka SHAWN REUVENI; SHELLY REUVENI; and
DAVID VALENTINO; ("Plaintiffs"), and LUCIE GUMIRAN; DANTE GUMIRAN and
CAROLINE DIAZ (collectively "Defendants"), on the other hand. Plaintiffs and
Defendants are referred to collectively as the "Parties" and individually as a "Party."

WHEREAS the Plaintiffs' contentions are that the Defendants aided and abetted and
conspired with Kaveh Vahedi and other conspirators in a mortgage-fraud and Ponzi-loan
scheme as set forth more fully in their RICO Complaint against Lucia Gumiran and the
Adversary Complaint aginanst Dante Gum Iran, and in the claims of some of the ,Plaintiffs
set forth in Dante Gumrran's bankruptcy, and as to Caroline Diaz the Plaintiffs may have
held similar claims, but by this Agreement all of Plaintiffs' claims against Defendants are
being released in total.

WHEREAS, except as otherwise expressly stated herein, Defendants dispute and deny the
allegations of the RICO Complaint, the Adversary Comlaint and the claims in bankruptcy as
to Defendants as well as each and every claim of liability made against them by Plaintiffs
for any reason.

- 1 -

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of
which are hereby acknowledged, the Parties hereto agree as follows:

1.    Consideration.

      1.1    Defendants, Dante Gumiran and Lucie Gumiran shall pay to Plaintiffs the
amount of Ten Thousand Dollars ($10,000) directly to the Law Offices of Thomas Bourke
in Fifty (50) equal monthly installments of $200 starting on the first day of September, 2013
and continuing thereafter on the first day of each month until paid in full.

      1.2    Defendants will meet with Thomas K. Bourke and  paralegal staff who may
be in attendance at 602 W. 5th Sreet, 8th Floor, Los Angeles, CA, for one day not to exceed
6 hours (and, if needed to go over a Declaration for an additional two hour session), to
truthfully and fully relate without reservation or holding anthing back what they observed or
believed happened at KGV Investments, Inc. dba Countywide Financial, Concerto
Production, and any other of Kaveh Vahedi's businesses (e.g. Pioneer Realty) or at any
location around the world (e.g. the Phillipines) at which an business or personal contacts or
business with Kaveh Vahedi or any contact with the assets of Kaveh Vahedi or any of
Kaveh Vahedi's employees or agents or his wife Mia was had.  Defendants will clearly
relate what they recall and believe happened in Kaveh Vahedi's interactions with the
Plaintiffs and what happened to the documents realated to to each of Kaveh Vahedi's
businesses.  Defendants will describe in detail what they know or believe were the amount
and location and dates of the assets and income of Kaveh Vahedi, Mia Jeong, Q. Vahedi and
the other relatives and employees and companies of Kaveh Vahedi and KGV Investments.
Defendants will promptly exectute Declarations prepared by the Law Offices of Thomas K.

- 2 -

Bourke, at no expense to Defendants setting forth their truthful accounts and produce all
documents within their possession, custody, and control relating to the foregoing, including
their notarial journals, and any loan records. This Agreement is conditioned upon approval
pursuant to FRBP 7041 of the Bankruptcy Court of the Settlement of the Adversary
Complaint, withdrawal of all of Plaintiffs' Proofs of Claims and objections to discharge.
Approval of this settlement agreement, including dismissal of the adversary complaint
objecting to discharge requires a noticed motion to be filed and served on the US Trustee,
trustee and all interested parties.

2.      Dismissal And Release.

        2.1.    Upon the Parties' execution of this Agreement Plaintiffs' counsel shall
provide to Defendants' counsel a Request for Dismissal with Prejudice of the Complaint as
to Lucia Gumiarn and the Adversary Complaint as to Dante Gumiran. Counsel for
Defendants shall file and serve the Requests for Dismissal.

        2.2.    Upon the Parties' execution of this Agreement, the Parties' counsel shall
jointly inform the Judge King and Judge Kaufman in the cases in which claims have been
pending that the claims have resolved and that the Parties anticipate a Request for Dismissal
being filed within 30 business days, and shall jointly request that all pending trial and
motion dates be vacated and that an Order to Show Cause re Filing of Dismissal as to the
settling Defendants be issued for 45 calendar days from the Settlement Date.

        2.3.    With the exceptions of obligations undertaken in this Agreement, , Plaintiffs,
and each of them, release and discharge, absolutely and forever Defendants from any and all
claims, demands, actions, causes of action, judgments, liens, indebtedness, obligations,

- 3 -

damages, liabilities, losses, costs, or expenses, including attorneys' fees, of any kind or
nature whatsoever, past or present, fixed or contingent, whether now known or unknown,
suspected or unsuspected, that they ever had or now have from the beginning of time
through the Settlement Date, including , but not limited to, those related to the Ponzi-loan-
scheme loans,  or related to KGV Investments, Inc, dba Countwide Financial, Kaveh G.
Vahedi, Mia Jeong, Kioumars G. ("Q") Vahedi, or otherwise arising from or related in any
way to the claims pending before Chief Judge King or Judge Victoria Kaufman.
Notwithstanding the foregoing, Plaintiffs do not release any claim against KGV
Investments, Inc., Kaveh G. Vahedi (aka Kevin Vahedi), Mia Jeong, Kioumars G. Vahedi
(aka Q Vahedi), or any other employee of KGV Investments, Inc. or Concerto Productions,
or Pioneer Realty., or any Countrywide Defendant or Bank of America.

    2.3.    With the exceptions of obligations undertaken in this Agreement, Defendants
release and discharge, absolutely and forever Plaintiffs from any and all claims, demands,
actions, causes of action, judgments, liens, indebtedness, obligations, damages, liabilities,
losses, costs, or expenses, including attorneys' fees, of any kind or nature whatsoever, past
or present, fixed or contingent, whether now known or unknown, suspected or unsuspected,
that they ever had or now have from the beginning of time through the Settlement Date.

3.    Covenant Not to Sue and No Assigned Claims.

    3.1    Save and except for the warranties and representations made herein, and save
and except as specifically excepted under this Agreement, the Parties covenant that they will
not make, assert, or maintain against any person or entity they have released in this
Agreement, any claim, demand, action, cause of action, suit or proceeding arising out of or

- 4 -

in connection with the matters herein expressly released. In addition, each Party represents
and warrants that he or she or it (a) has not assigned, transferred, or encumbered, has not
purported to assign, transfer, or encumber, and will not assign, transfer, or encumber any
matter herein released; (b) knows of no other person or entity that may claim an interest in
the matters released; (c) is not aware of any litigation, arbitration, or other pending
proceeding regarding the matters released; and (d) has the full power and authority to enter
into this Agreement.

4.    Unknown Claims.

     4.1    The Parties acknowledge that they are aware that they may hereafter discover
facts different from or in addition to what they now know or believe to be true with respect
to the claims expressly released herein, and agree that these releases shall be and remain in
effect in all respects as complete releases of those claims, notwithstanding any such different
or additional facts. It is the Parties' intention that this Agreement shall be effective as a full
and final accord and satisfaction and release of the claims expressly released herein. In
accordance with this intention, and except as otherwise provided in this Agreement, the
Parties acknowledge that they have been informed of Section 1542 of the Civil Code of the
State of California and similar laws of other jurisdictions and do hereby expressly WAIVE
and relinquish all rights and benefits, if any, which they have or may have under said
Section and any similar laws of other jurisdictions. Section 1542 reads as follows:

     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
     THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
     HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

- 5 -

RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
THE DEBTOR.

4.2     The Parties knowingly and voluntarily waive the provisions of Section 1542,
as well as any other statute, law, or rule of similar effect, and acknowledge and agree that
this waiver is an essential and material term of this Agreement, without which the Parties
would not have agreed to this Agreement. In furtherance of such intention, this Agreement
shall be and shall remain in effect, notwithstanding the discovery or existence of any such
additional or different claims or facts. The Parties hereby represent that they have been
advised by their respective legal counsel, and that they understand and acknowledge the
significance and consequence of these releases and of this specific waiver of Section 1542
and other such laws.

Mischallaneous Provisions.

5.1     Disclaimer of Linbility. This Agreement neither constitutes nor should be
construed as an admission by any Party of any matters alleged by any other Party in any
correspondence or other communications between and among any of the Parties or their
respective counsel or of any liability or wrongdoing whatsoever.

5.2     Integration. Except as set forth herein, this Agreement does not modify the
terms of any customer agreement between Plaintiffs and Defendants, but otherwise
constitutes the complete and entire understanding and agreement between the Parties and
supersedes any previous communications, representations, or agreements, verbal or written,
related to the subject matter of this Agreement.

- 6 -

5.3    Representations. Each Party represents and warrants (a) that he or she or it has read and understands this Agreement, (b) that he or she or it has investigated the facts pertinent to this Agreement as he or she deemed necessary, (c) that he or she or it has been represented by legal counsel of his or her own choice in the negotiation and drafting of this Agreement and has executed this Agreement with the advice and consent of such counsel, (d) that no other Party, nor any agent or attorney of any other Party, has made any promise, representation, or warranty whatsoever, express, implied, or statutory, not contained herein concerning the subject matter hereof to induce him or her to execute this Agreement, and (e) that he or she or it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein. The Parties have included this clause to preclude any claim that any Party was fraudulently induced to execute this Agreement and to preclude the introduction of parole evidence to vary, interpret, supplement, or contradict the terms of this Agreement.

.45.    Modifications. No modification, amendment, or waiver of any of the provisions contained in this Agreement, nor any future representation, promise, or condition in connection with the subject matter of this Agreement, shall be binding upon any Party unless made in writing and signed by such Party. A waiver of any term or condition of this Agreement will not be deemed to be, and may not be construed as, a waiver of any other term or condition thereof. All amendments or modifications of this Agreement shall be binding upon the Parties despite any lack of consideration so long as the same shall be in writing and executed by the Parties hereto in accordance with the other terms of this Agreement regarding modifications.

- 7 -

5.5    Construction. This Agreement shall be construed without regard to the Party or Parties responsible for its preparation and shall be deemed as prepared jointly by the Parties hereto. In resolving any ambiguity or uncertainty existing herein, the Parties agree that no consideration or weight shall be given to the identity of the Party drafting this document. Accordingly, the Parties hereby waive the benefit of California Civil Code Section 1654 and any successor or amended statute, which provides that in cases of uncertainty, the language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist.

5.6    Unenforceable Terms. In the event that any provision of this Agreement is held to be void or unenforceable by a tribunal or court of competent jurisdiction, that provision will be severed from the balance of this Agreement and the remaining provisions shall nevertheless be binding upon the Parties with the same force and effect as though the void or unenforceable provisions had been severed and deleted. Notwithstanding the foregoing, if the void or unenforceable provisions were essential to the intended purpose of this Agreement, then the Party who was to receive the benefit of each said provision has the option to void this Agreement in its entirety.

5.7    Governing Law. This Agreement shall be construed in accordance with the laws of the State of California applicable to agreements that are executed and fully performed within the State of California.

5.8    Authority. Each Party represents, warrants and agrees that he or she has the full right and authority to enter into this Agreement, and that the person executing this

- 8 -

Agreement on its behalf has the full right and authority to commit and to bind fully such Party.

5.9    All Terms Contractual. Each of the Parties hereto acknowledges and agrees that the terms of this Agreement are contractual and not merely recitals and are the result of negotiations between parties of equal bargaining positions. All recitals are incorporated by reference into this Agreement.

5.10    Successors and Assigns. This Agreement shall inure to the benefit of, and shall be binding upon, each Party's respective successors, assigns, affiliates, subsidiaries, parent companies, predecessors, successors, divisions, operating companies, officers, directors, agents, employees, representatives, shareholders, heirs, partners, investors, accountants, and attorneys, individually and in the capacity indicated.

5.11    Fees and Costs. Except as provided herein, each Party to this Agreement shall bear his/her/its own attorneys' fees, expenses, and costs incurred in connection with the Lawsuit, and the negotiation, drafting and performance of this Agreement.

5.12    Headings. Section and paragraph headings are for convenience only and shall not be considered for any purpose in construing this Agreement.

5.14    Counterparts. This Agreement may be executed in counterparts and by facsimile, email, or PDF signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Settlement and General Release dated as of August 5, 2013,.

Maria De Los Angeles Aurora Gomez

Dante Gumiran

Juan Elias Gomez

Lucia aka (Lucie) Gumiran

Caroline P. Diaz

Vatchik Y. Alvandi

Douglas Allen Marks

Sharon Maureen Marks

Evelyn Yanath Raft

Roberta Bartack

Ronald Bartack

Fred Shokoufi

- 10 -

Maria De Los Angeles Aurora Gomez          Dante Gumiran

_____

                                           Lucia aka (Lucie) Gumiran

Juan Elias Gomez

_____

                                           Caroline P. Diaz

Vatchik Y. Alvandi

_____

Douglas Allen Marks

_____

Sharon Maureen Marks

_____

Evelyn Yanath Raft

_____

Roberta Bartack

_____

Ronald Bartack

_____

Fred Shokoufi

_____

Maria De Los Angeles Aurora Gomez     Dante Gumiran

_____

Juan Elias Gomez

Lucia aka (Lucie) Gumiran

_____

Caroline P. Diaz

_____

Vatchik Y. Alvandi

_____

Douglas Allen Marks

_____

Sharon Maureen Marks

_____

Evelyn Yauath Raft

_____

Roberta Bartack

_____

Ronald Bartack

_____

Fred Shokoufi

_____

- 10 -

Maria De Los Angeles Aurora Gomez        Dante Gumiran

_____          _____
                                          Lucia aka (Lucie) Gumiran
Juan Elias Gomez

_____          _____
                                          Caroline P. Diaz

Vatchik Y. Alvandi                        _____

_____
Douglas Allen Marks

_____
Sharon Maureen Marks

_____
Evelyn Yanath Raft

_____
Roberta Bartack

_____
Ronald Bartack

_____
Fred Shokoufi

_____

- 10 -

Maria De Los Angeles Aurora Gomez          Dante Gumiran

_____          _____
                                          Lucia aka (Lucie) Gumiran
Juan Elias Gomez

_____          _____
                                          Caroline P. Diaz

Vatchik Y. Alvandi                        _____

_____
Douglas Allen Marks

_____
Sharon Maureen Marks

_____
Evelyn Yanath Raft

_____
Roberta Bartack

_____
Ronald Bartack

_____
Fred Shokoufi

_____

- 10 -

Maria De Los Angeles Aurora Gomez          Dante Gumiran

_____                Lucia aka (Lucie) Gumiran

Juan Elias Gomez

_____                Caroline P. Diaz

Vatebik Y. Alvandi                         _____

_____

Douglas Allen Marks

_____

Sharon Maureen Marks

_____

Evelyn Yanath Raft

_____

Roberta Bartack

_____

Ronald Bartack

Fred Shokoufi

_____

- 10 -

Maria De Los Angeles Aurora Gomez

Dante Gumiran

Juan Elias Gomez

Lucia aka (Lucie) Gumiran

Caroline P. Diaz

Vatchik Y. Alvandi

Douglas Allen Marks

Sharon Maureen Marks

Evelyn Yanath Raft

Roberta Bartack

Ronald Bartack

Fred Shokoufi

- 10 -

**Leesha Tan Keller**

**Tadeh Keshmeshian**

---

**Idet Keshmeshian**

---

**Celaris Zadorian**

---

**Herayr Zahrabi**

**Sharon Reuveni aka Shawn Reuveni**

---

**Shelly Reuveni**

---

**David Valentino**

---

**APPROVED AS TO FORM:**

- 11 -

Leesha Tan Keller

_____

Tadeh Keshmeshian

*Tadeh.k*
_____

Idet Keshmeshian


_____

Celaris Zadorian

_____

Herayr Zahrabi

_____

Sharon Reuveni aka Shawn Reuveni


_____

Shelly Reuveni


_____

David Valentino

_____


APPROVED AS TO FORM:

- 11 -

Leesha Tan Keller

_____

Tadeh Keshmeshian


_____

Idel Keshmeshian

_____

Celaris Zadorian

_____

Herayr Zahrabi

_____

Sharon Reuveni aka Shawn Reuveni


_____

Shelly Reuveni


_____

David Valentino

_____



APPROVED AS TO FORM:

- 11 -

**Fred Shokoufi**

_____

**Leesha Tan Keller**

_____

**Tadeh Keshmeshian**

_____

**Idet Keshmeshian**

_____

**Celaris Zadorian**

_____

**Herayr Zahrabi**

_____

**Sharon Reuveni aka Shawn Reuveni**

_____

**Shelly Reuveni**

_____

**David Valentino**

- 11 -

| LAW OFFICES OF THOMAS K. BOURKE | |
|---|---|
| Thomas K. Bourke | |
| Attorneys for Plaintiffs | |
| **APPROVED AS TO FORM:** | |
| Timothy F. Umbreit | |
| Attorney for Defendants Danta Gumiran, Lucia Gumiran, and Caroline P. Diaz | |

- 12 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**601 West 5th Street, 8th Floor, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL OF ADVERSARY COMPLAINT UPON SETTLEMENT; DECLARATION OF THOMAS K.BOURKE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 24, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Thomas K Bourke - talltom2@aol.com
- Thomas K Bourke - legalassistant@bourkelaw.com, talltom2@aol.com
- Austin S Haigh - austin.haigh@gmail.com, legalassistant@bourkelaw.com
- Timothy F Umbreit - tim@timumbreit.com
- Timothy F Umbreit - tim@timumbreit.com
- United States Trustee (SV) - ustpregion16.wh.ecf@usdoj.gov
- Nancy J Zamora (TR) - zamora3@aol.com, nzamora@ecf.epiqsystems.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 24, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Veronica S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 24, 2013 – Sharon Polk | | /s/ Sharon Polk |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**